[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2010
JOHN LEY
CLERK

No. 09-16189
Non-Argument Calendar

_____

D. C. Docket No. 08-60229-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD JEREMAINE WHITFIELD,
a.k.a. Main

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 16, 2010)

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Edward Jeremaine Whitfield appeals his conviction and 216-month sentence

for conspiracy to possess with intent to distribute at least 50 grams of crack cocaine and 500 grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(iii), and (b)(1)(B)(ii). On appeal, Whitfield argues that his guilty plea was not knowing and voluntary because the district court did not ensure that he understood the nature of the charge against him and failed to make a finding as to the factual basis of the plea.

Having reviewed the record, we find no error. Based on admissions and statements Whitfield made, there was a factual basis for his guilty plea. Further, Whitfield failed to demonstrate that any alleged error resulted in his lack of understanding the charge against him, and thus, his substantial rights were not prejudiced. Finally, even if there was error, Whitfield has failed to demonstrate a reasonable probability that, but for the error, he would not have entered his guilty plea. Accordingly, we affirm Whitfield's conviction.

With reference to his sentence, we conclude that Whitfield's challenges are barred by his valid appeal waiver. Whitfield's sentence appeal waiver is valid and none of its exceptions apply to permit him to challenge his sentence on appeal. Because the district court specifically questioned Whitfield about the sentence appeal waiver at his change-of-plea hearing, and Whitfield indicated that he understood the waiver, Whitfield entered into the waiver knowingly and

2

voluntarily, and thus, the waiver is valid and enforceable.  Accordingly, we dismiss the appeal as to the sentencing issues Whitfield attempts to raise.

**AFFIRMED in part; DISMISSED in part.**